UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

    Plaintiff,

v.

PEMBROKE PLACE PROPERTY LLC and
B&R-WAY INC. d/b/a Subway #47499,

    Defendants.

_____/

## COMPLAINT

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues PEMBROKE PLACE PROPERTY, LLC and B&R-WAY, INC d/b/a Subway #47499 (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under

42 U.S.C. § 12181, et seq.

4. Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, residing and domiciled in Miami-Dade County, Florida, and is otherwise *sui juris*.

5. At all times material, Defendant, PEMBROKE PLACE PROPERTY, LLC, was and is a Delaware Limited Liability Company qualified to do business in Florida, with its principal address in Palm Beach, Florida and with a place of business in Pembroke Pines, Florida.

6. At all times material, Defendant, PEMBROKE PLACE PROPERTY, LLC, owned and operated a shopping plaza located at 10175 Pines Boulevard, Pembroke Pines, Florida 33026 (hereinafter the "plaza property") in Broward County, Florida.

7. At all times material, Defendant, B&R-WAY, INC., was and is a Florida Corporation, with its principal place address in Pembroke Pines, Florida and a place of business in Pembroke Pines, Florida.

8. At all times material, Defendant, B&R-WAY, INC., owned and operated a restaurant business located at 10251 Pines Boulevard, Pembroke Pines, Florida 33026 (hereinafter the "restaurant business ") which is a unit located within the above-mentioned property owned by Co-Defendant, PEMBROKE PLACE PROPERTY, LLC. Defendant, B&R-WAY, INC., holds itself out to the public as "Subway #47499."

9. Plaintiff, DOUG LONGHINI, resides in the next county as the plaza property, has relatives and friends who nearby the plaza property and restaurant business and visits the same regularly as a patron/customer, to include a visit to the plaza property and restaurant business or about September 19, 2018 and January 9, 2019. He plans to return to the plaza property and restaurant business within the next two (2) months, in order to avail himself of the goods and services offered to the public if the plaza property and restaurant business and other businesses located within the plaza property become accessible.

10. Venue is properly located in the Southern District of Florida because Defendants' property and restaurant business are located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

11. Although over twenty-five (25) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

12. Congress provided commercial businesses one and a half (1½) years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business.

13. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

14. Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA. DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist. He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair. He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

15. Defendant, PEMBROKE PLACE PROPERTY, LLC, owns, operates and oversees the plaza property, its general parking lot and parking spots specific to the businesses therein, to include the Co-Defendant's restaurant business, and common areas.

It owns, operates and oversees said plaza property and businesses located in Pembroke Pines, Florida that are the subject of this Action.

16. The subject plaza property and restaurant business are open to the public and are located in Pembroke Pines, Florida. Plaintiff encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and restaurant business.

17. The Plaintiff found the plaza property, restaurant business and other businesses within the plaza property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the subject properties (the plaza property in general, the restaurant business and other businesses within the plaza property, etc.), and wishes to continue his patronage and use of each of the premises.

18. The Plaintiff, DOUG LONGHINI, has encountered architectural barriers that are in violation of the ADA, at the subject plaza property, restaurant business and other businesses located within the plaza property. The barriers to access at Defendants' plaza property, restaurant business and other businesses within the plaza property, have each denied or diminished Plaintiff's ability to visit the plaza property, restaurant business and other businesses within the plaza property and endangered his safety. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

19. Defendant, PEMBROKE PLACE PROPERTY, LLC, owns and operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, PEMBROKE PLACE PROPERTY, LLC, is responsible for complying with the obligations of the ADA, as the owner and landlord of this plaza property. The place of public accommodation that Defendant, PEMBROKE PLACE PROPERTY, LLC, owns and operates is the plaza property located at 10175 Pines Boulevard,

Pembroke Pines, Florida 33026.

20. Defendant, B&R-WAY, INC., owns and/or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, B&R-WAY, INC., is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, B&R-WAY, INC., owns and/or operates is the restaurant business known as "Subway #47499" located at 10251 Pines Boulevard, Pembroke Pines, Florida 33026.

21. While Defendant, PEMBROKE PLACE PROPERTY, LLC, as landlord and owner of the plaza property, is responsible for all ADA violations listed in Counts I and II of this Complaint, Defendant, B&R-WAY, INC., as tenant and/or owner and/or operator of the subject restaurant business, is jointly and severally liable for the ADA violations listed in Counts I and II of this Complaint.

22. Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described plaza property and restaurant business, but not necessarily limited to the allegations in Counts I and II of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the plaza property, restaurant business and other businesses within the plaza property, in violation of the ADA. Plaintiff desires to visit the plaza property, not only to avail himself of the goods and services available at the plaza property and restaurant business (as well as other businesses located within the plaza property), but to assure himself that the plaza property, restaurant business and other businesses located within the plaza property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the plaza property, restaurant businesses and other businesses located within the plaza property without fear of discrimination.

23. Defendants have discriminated against the individual Plaintiff by denying him

access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the plaza property and restaurant businesses therein, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I
## AS TO DEFENDANT (LANDLORD) PEMBROKE PLACE PROPERTY, LLC AND DEFENDANT (TENANT) B&R-WAY, INC. AND THE VIOLATIONS IN THE COMMON AREAS

24. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

25. Defendants, PEMBROKE PLACE PROPERTY, LLC and B&R-WAY, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property and businesses therein, include but are not limited to, the following:

A. **Parking**

1. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: Some of the accessible parking spaces are located on a slope in violation of Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: Some of the accessible parking space access aisles are located on a slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## B. Entrance Access and Path of Travel

1. The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

3. The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II
## AS TO DEFENDANT (LANDLORD) PEMBROKE PLACE PROPERTY, LLC AND DEFENDANT (TENANT) B&R-WAY, INC. AND THE VIOLATIONS IN THE RESTAURANT BUSINESS

27. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 23 above as though fully set forth herein.

28. Defendants, PEMBROKE PLACE PROPERTY, LLC and B&R-WAY, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the plaza property and restaurant business, include but are not limited to, the following:

A. **Public Restrooms**

1. The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required location. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

3. The Plaintiff could not use the lavatory without assistance, as the required knee clearance is not provided. Violation: There are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306.3 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

4. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AS TO BOTH COUNTS AND DEFENDANTS AND THE BASIS

29. The discriminatory violations described in Counts I and II are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the plaza property and restaurant business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

29. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

30. Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

31. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

32. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

33. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

34. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the property plaza located a 10175 Pines Boulevard, Pembroke Pines, Florida 33026, the exterior areas, and the common exterior areas of the plaza property and restaurant businesses (and other businesses located within the plaza property) to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

WHEREFORE, the Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: January 16th, 2019.

                    **GARCIA-MENOCAL & PEREZ, P.L.**

                    *Attorneys for Plaintiff*
                    4937 S.W. 74th Court
                    Miami, FL 33155
                    Telephone: (305) 553-3464
                    Facsimile: (305) 553-3031
                    Primary E-Mail: ajperezlaw@gmail.com

By: ___/s/ *Anthony J. Perez*___
     ANTHONY J. PEREZ
     Florida Bar No.: 535451